UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

**WAFFLE HOUSE, INC.,**

**Plaintiff,**

Civil Action No. ___3:24-cv-06751-MGL

v.

**NATIONAL LABOR RELATIONS
BOARD, a federal administrative agency,
JENNIFER ABRUZZO, in her official
capacity as the General Counsel of the
National Labor Relations Board, LAUREN
M. McFERRAN, in her official capacity as
the Chairman of the National Labor
Relations Board, MARVIN E. KAPLAN,
GWYNNE A. WILCOX, and DAVID M.
PROUTY, in their official capacities as
Board Members of the National Labor
Relations Board, and JANE DOE in his
official capacity as an Administrative Law
Judge of the National Labor Relations
Board,**

**Defendants.**

## COMPLAINT FOR DECLATORY AND INJUNCTIVE RELIEF

Plaintiff Waffle House, Inc. ("Waffle House") brings this action for injunctive

relief, in order to prevent the National Labor Relations Board ("Board") from

pursuing an adjudicatory process against it that violates the United States

Constitution and fundamental principles of due process and fair play. Via the

administrative complaint filed against Waffle House before the Board's Division of

1

Administrative Judges, the Board is attempting to act as prosecutor, judge and factfinder, depriving Waffle House of its constitutionally guaranteed right to trial by jury. Moreover, the Board is attempting to subject Waffle House to an adjudicatory process overseen by an Administrative Law Judge who is unconstitutionally insulated from oversight and removal by the appropriate political branches. Finally, the Board, through its conduct in both this specific matter and more generally, has demonstrated that it is not interested in pursuing a fair and even-handed application of the law, but rather is simply carrying water for a political interest group.

## JURISDICTION AND VENUE

1.     This action arises under the Constitution and laws of the United States. This Court has federal question jurisdiction under 28 U.S.C. § 1331 over Waffle House's claims that fundamental aspects of the NLRB's structure violate the Constitution. *See, e.g.*, *Axon Enter., Inc. v. FTC*, 143 S. Ct. 890, 900 (2023).

2.     The Court has authority to grant declaratory and injunctive relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, under the Administrative Procedure Act, 5 U.S.C. §§ 701–706, and under the Court's inherent equitable powers.

3.     Venue is proper in this district under 28 U.S.C. § 1391(e)(1)(B). Defendants are officers of an agency of the United States acting in their official capacity; and a substantial part of the events or omissions giving rise to the claim

occurred in Columbia, South Carolina, where Waffle House maintains and operates the restaurant made the basis of the NLRB's Complaint. The NLRB's administrative proceeding targets a variety of Waffle House actions and policies that allegedly occurred in Columbia, South Carolina. Moreover, a significant portion of the employees who the NLRB alleges suffering unfair labor practices at the hands of Waffle House were based in Columbia, South Carolina.

## PARTIES

4.      Plaintiff Waffle House is a Georgia corporation with approximately 1,900 restaurant locations (or "Units") in twenty-five states across the United States. The subject of the Defendant's Complaint is Waffle House Unit 1470, located at 7428 Garners Ferry Road, South Carolina.

5.      Defendant NLRB is an administrative agency of the United States, headquartered in Atlanta, Georgia. The National Labor Relations Act ("NLRA") empowers the NLRB to initiate administrative proceedings to prevent unfair labor practices. See U.S.C § 160.

6.      Defendant Jennifer A. Abruzzo is General Counsel of the Board. She is sued in her official capacity.

7.      Defendant Lauren M. McFerran is Chairman of the Board. She is sued in her official capacity.

8.    Defendant Marvin E. Kaplan is a Member of the Board. He is sued in his official capacity.

9.    Defendant Gwynne A. Wilcox ("Wilcox") is a Member of the Board. She is sued in her official capacity.

10.    Immediately prior to her appointment to the Board, Wilcox was Associate General Counsel of 1199 SEIU United Healthcare Workers East ("SEIU Local 1199").

11.    Defendant David M. Prouty ("Prouty") is a Member of the Board. He is sued in his official capacity.

12.    Immediately prior to his appointment to the Board, Prouty was General Counsel of Service Employee International Union Local 32BJ ("SEIU Local 32BJ").

13.    Defendant Jane Doe is an Administrative Law Judge of the NLRB assigned to preside over the NLRB proceedings against Waffle House, whose identity has not yet been disclosed to Waffle House. She is sued in her official capacity.

**FACTS**

14.    On July 10, 2023, the Service Employees International Union (the "SEIU") filed a Charge with the NLRB alleging that Waffle House committed unfair labor practices in violation of the NLRA by interrogating and threatening employees about their engagement in protected activity.

4

15.    The Union filed a first amended Charge on September 26, 2023.

16.    On September 29, 2023, the NLRB sought Waffle House's response to the Charge. Waffle House submitted its position statement supporting evidence refuting the Charging Parties' allegations on October 20, 2023.

17.    The Union filed its second amended Charge on June 4, 2024, and a copy was served upon Waffle House on June 14, 2024.

18.    On June 11, 2024, the NLRB informed Waffle House that it found merit to the Union's second amended charge and authorized a complaint against Waffle House for alleged engagement of unfair labor practices.

19.    Rather than engage in a good faith attempt to discuss resolution of the issues raised in the potential complaint, the NLRB conditioned any settlement on Waffle House's agreement to waive its First Amendment rights to explain its position on unionization to its employees.

20.    On September 30, 2024, the Regional Director of the Board's Region 10 issued a Complaint and Notice of Hearing formally charging Waffle House with violations of Sections 8(a)(1) and 8(a)(3) of the National Labor Relations Act.

21.    The Complaint and Notice of Hearing states that the Board's Regional Director's allegations against Waffle House will be heard in front of one of the Board's Administrative Law Judges.

## COUNT I – THE THREATENED PROCEEDING BEFORE A BOARD ALJS UNCONSTITUTIONALLY INSULATED FROM REMOVAL WOULD VIOLATE WAFFLE HOUSE'S CONSTITUTIONAL RIGHTS

22.    Waffle House restates and incorporates by reference each and every allegation of the preceding paragraphs, as if fully set forth herein.

23.    The National Labor Relations Board is a federal agency that is part of the Executive Branch of the United States government.

24.    Article II of the United States Constitution states that all executive power of the United States is vested in the President of the United States.

25.    In order to appropriately exercise that power, the President must have meaningful oversight over subordinate officers of the executive branch.

26.    The Board's ALJ's play a significant executive role, in that they, *inter alia*, hold continuing offices through which they preside over adversarial hearings, receive testimony, shape the administrative record, and prepare proposed findings and opinions.

27.    The President lacks meaningful oversight over the Board's ALJs, in that they may only be removed from office if the members of the Board bring an action to remove the ALJ **and** members of the federal government's Merit Systems Protection Board determine that there is "good cause established" for the removal.

28.    Both decision makers in this process—the members of the NLRB and Merit Systems Protection Board—are themselves unconstitutionally protected from

oversight by the President, as they can be removed from office only for neglect of duty or malfeasance.

29.    The Board's threat to subject Waffle House to a proceeding before an unconstitutionally insulated executive official creates a risk of immediate and irreparable harm to Waffle House.

30.    Waffle House bears a strong likelihood of success on this claim for the reasons detailed above.

31.    The harm to Waffle House, in the event declaratory and injunctive relief is not granted, far outweighs any harm, or mere inconvenience, to the NLRB if such relief is granted. Unlike the NLRB, which did not file the adjudicative proceedings until 14 months after the allegedly unlawful conduct, Waffle House filed this action as early in the proceedings as possible—as soon as the NLRB gave notice of an ALJ hearing.

32.    The grant of injunctive and declaratory relief on this claim will serve the public interest by protecting Americans' constitutional rights.

33.    Accordingly, Waffle House is entitled to an Order of this Court enjoining the Board from moving forward with its unconstitutional proceeding.

**COUNT II – THE MEMBERS OF THE NATIONAL LABOR RELATIONS BOARD, BEFORE WHOM ANY EXCEPTIONS TO THE BOARD'S ALJ'S DETERMINATIONS WILL BE HEARD, ARE LIKEWISE UNCONSTITUTIONALLY PROTECTED FROM REMOVAL**

34.    Waffle House restates and incorporates by reference each and every allegation of the preceding paragraphs, as if fully set forth herein.

35.    Members of the Board play an even more meaningful executive role than do the Board's ALJ's, as they not only review the Board's ALJ's factfinding and other case oversight functions but are also responsible for substantive interpretation of the National Labor Relations Act.

36.    Indeed, members of the Board regularly announce sweeping changes to the interpretation of the National Labor Relations Act, resulting in meaningful changes to the enforcement of the Act and the relationships between the nation's employers and their employees.

37.    The President lacks meaningful oversight over the Board's Members, in that they may only be removed from office for neglect of duty or malfeasance.

38.    The Board's threat to subject Waffle House to a proceeding before unconstitutionally insulated executive officials creates a risk of immediate and irreparable harm to Waffle House.

39.    Waffle House bears a strong likelihood of success on this claim for the reasons detailed above.

40.    Accordingly, Waffle House is entitled to an Order of this Court enjoining the Board from moving forward with its unconstitutional proceeding.

41.    The harm to Waffle House, in the event declaratory and injunctive relief is not granted, far outweighs any harm, or mere inconvenience, to the NLRB if such relief is granted. Unlike the NLRB, which did not file the adjudicative proceedings until 14 months after the allegedly unlawful conduct, Waffle House filed this action as early in the proceedings as possible—as soon as the NLRB gave notice of an ALJ hearing.

42.    The grant of injunctive and declaratory relief on this claim will serve the public interest by protecting Americans' constitutional rights.

### COUNT III – THE BOARD'S THREATENED ADJUDICATION OF PRIVATE RIGHTS WITHOUT A JURY TRIAL VIOLATES THE SEVENTH AMENDMENT

50. Waffle House restates and incorporates by reference each and every allegation of the preceding paragraphs, as if fully set forth herein.

51.    The Seventh Amendment to the Constitution of the United States protects the right to a trial by jury "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, then according to the rules of the common law." U.S. CONST. amend. VII.

52.    The Board's General Counsel takes an expansive approach to the remedies the Board may seek alleged violations of the National Labor Relations Act. She has instructed attorneys and Regional Directors acting under her authority to aggressively seek monetary relief, instructing that they "should **always** make sure to seek compensation for any and all damages, direct and consequential, attributable to an unfair labor practice."  *See* Nat'l Lab. Rels. Bd., Office of the Gen. Counsel, Memorandum 21-07 at 1 (Sept. 15, 2021).

53.    Members of the Board have endorsed the General Counsel's expansive approach, recently holding that the Board enjoys broad authority "to compensate affected employees for all direct or foreseeable pecuniary harms that these employees suffer as a result of the [employer's] unfair labor practice." 372 N.L.R.B. No. 22, slip op. at 1.

54.    The Board has likewise made clear that the purpose of the remedies it seeks is, at least in part, to deter violations of the Act. *Noah's Ark Processors, LLC*, 372 NLRB No. 80 (2023) ("[C]ertain remedies, when ordered in combination, may *encourage compliance with the Act* and offer better protection of employees' Section 7 rights.") (emphasis added).

55.    Although the Regional Director does not explicitly seek a monetary remedy in the Complaint and Notice of Hearing, she coyly states that the General

10

Counsel will pursue "all other relief as may be just and proper to remedy the unfair labor practices alleged." *Complaint and Notice of Hearing* at 5.

56.    Although no monetary damages would be appropriate given the nature of and lack of merit to the allegations, Waffle House believes that the General Counsel will concoct a legal theory to attempt to obtain a monetary remedy against Waffle House.

57.    Without interim injunctive relief from this Court, Waffle House's claims will be improperly adjudicated by an administrator instead of a jury.

58.    Waffle House has a strong likelihood of success on this claim for the reasons detailed above.

59.    Unless the NLRB is enjoined from proceeding against Waffle House before an NLRB ALJ rather than a jury, Waffle House will be irreparably harmed.

60.    The harm to Waffle House, in the event declaratory and injunctive relief is not granted, far outweighs any harm, or mere inconvenience, to the NLRB if such relief is granted. Unlike the NLRB, which did not file the adjudicative proceedings until 14 months after the allegedly unlawful conduct, Waffle House filed this action as early in the proceedings as possible—as soon as the NLRB gave notice of an ALJ hearing.

61.    The grant of injunctive and declaratory relief on this claim will serve the public interest by protecting Americans' constitutional rights.

## COUNT III – THE BOARD'S THREATENED ADJUDICATION
## VIOLATES THE FIFTH AMENDMENT

62.     Waffle House restates and incorporates by reference each and every allegation of the preceding paragraphs, as if fully set forth herein.

63.     The Fifth Amendment to the Constitution of the United States states that "[n]o person shall be . . . deprived of life, liberty or property without due process of law[.]." U.S. CONST. amend. V.

64.     This principle applies to administrative proceedings before executive agencies.

65.     The NLRB's proceedings lack basic due process protections.

66.     Pre-hearing discovery is grossly titled in favor of the NLRB. The NLRB's proceedings do not allow for pre-hearing discovery. However, the General Counsel enjoys expansive subpoena power to gather information it believes necessary to prove its case. While Respondents in NLRB proceedings are nominally permitted to issue subpoenas for witnesses and documents, their ability to do so is subject to oversight and control by the NLRB. Indeed, in many cases the NLRB has brought independent unfair labor practice charges against respondents who have attempted to utilize the NLRB's subpoena processes.

67.     The NLRB unconstitutionally combines executive, legislative and judicial authority in one body, violating the separation of powers.

68.    The ultimate adjudication of the claims against Waffle House will be made by at least two Board Members – members Wilcox and Prouty – who, immediately prior to their appointment to the Board, held high-ranking positions with the Service Employee International Union ("SEIU").

69.    The SEIU filed the unfair labor practice charge that gave rise to this proceeding and has a significant interest in the outcome of this case.

70.    Members Wilcox and Prouty's close ties with the SEIU, and the SEIU's interest in the outcome of this case, creates at the very least the appearance of a conflict of interest sufficient to warrant their recusal from the matter.

71.    However, in previous cases involving unfair labor practice charges filed by the SEIU and in which the SEIU has a significant interest in the outcome of the case, Members Wilcox and Prouty have, without explanation, refused to recuse themselves.

72.    Upon information and belief, Members Wilcox and Prouty would likewise refuse to recuse themselves in the adjudication of this matter.

73.    Without interim injunctive relief from this Court, Waffle House's claims will be improperly adjudicated under processes that violate the Fifth Amendment.

74.    Waffle House has a strong likelihood of success on this claim for the reasons detailed above.

75.    Unless the NLRB is enjoined from proceeding against Waffle House via procedures that violate the Fifth Amendment, Waffle House will be irreparably harmed.

76.    The harm to Waffle House, in the event declaratory and injunctive relief is not granted, far outweighs any harm, or mere inconvenience, to the NLRB if such relief is granted. Unlike the NLRB, which did not file the adjudicative proceedings until 14 months after the allegedly unlawful conduct, Waffle House filed this action as early in the proceedings as possible—as soon as the NLRB gave notice of an ALJ hearing.

77.    The grant of injunctive and declaratory relief on this claim will serve the public interest by protecting Americans' constitutional rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Waffle House hereby requests that the Court order the following relief and enter a judgment:

1.    Declaring that:

a. The statutes, regulatory provisions, guidance, and/or policies restricting the removal of NLRB ALJs, including 5 U.S.C. § 7521(a), are unconstitutional.

b. The statutes, regulatory provisions, guidance, and/or policies restricting the removal of NLRB Members, including 29 U.S.C. § 153(a), are unconstitutional.

c. The NLRB proceedings against Waffle House deprive it of its constitutional right to trial by jury; and

d. The NLRB's processes violate the Fifth Amendment's guarantees of due process.

2.    Preliminarily enjoining Defendants from subjecting Waffle House to unconstitutionally structured administrative proceedings pending the final resolution of this action;

3.    Permanently enjoining Defendants from implementing or carrying out the unconstitutionally structured administrative proceedings;

4.    Awarding Waffle House its costs and expenses incurred in bringing this action, including, but not limited to, reasonable attorney's fees; and

6.    Awarding such other and further relief, whether at law or in equity, as the Court deems just and proper.

**E. ALAN MILLER, P.C.**

*/s/ E. Alan Miller*
E. Alan Miller (ID# 7488)
2573 Apple Valley Road, NE
Atlanta, GA 30319
(404) 909-8117
Telephone: 404-909-8117
Facsimile: 404-909-8120
eamiller@martensonlaw.com

**MARTENSON HASBROUCK & SIMON LLP**

Matthew D. Crawford
Georgia Bar No. 190109
(*pro hac vice* motion
forthcoming)
2573 Apple Valley Road NE
Atlanta, Georgia 30319
Telephone: 404-909-8101
Facsimile: 404-909-8120
mcrawford@martensonlaw.com

*Attorneys for Waffle House, Inc.*