UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

**WAFFLE HOUSE, INC.,**

    **Plaintiff,**　　　　　　　　　　　　Civil Action No. 3:24-cv-06751-MGL

                **v.**

**NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JANE DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,**

    **Defendants.**

## **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO INTERVENE**

The Service Employees International Union ("SEIU") is not entitled to intervene as a matter of right in this action. A denial of Plaintiff's Motion to Intervene (the "Motion") would not impair SEIU's ability to protect its interests and SEIU's interest is unequivocally and adequately represented by an existing party to the litigation – the National Labor Relations Board (the "NLRB" or the "Board"). Further, SEIU's alternative request for permissive intervention must similarly be denied as their insertion in this matter would undoubtedly prejudice the existing parties to the litigation. Therefore, Plaintiff Waffle House, Inc. ("Waffle House") respectfully requests that SEIU's Motion be denied.

## I.     LEGAL STANDARD

"The party moving to intervene 'bears the burden of demonstrating to the court a right to intervene.' " *S.C. Coastal Conservation League v. Pruitt*, No. 18-CV-330-DCN, 2018 WL 2184395, at *3 (D.S.C. May 11, 2018) (quoting *Matter of Richman*, 104 F.3d 654, 658 (4th Cir. 1997)). Failure to satisfy even one of the requirements is sufficient to warrant denial of a motion to intervene as a matter of right. *See N.A.A.C.P. v. New York*, 413 U.S. 345, 369, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973).

"Among the factors a Court should consider in passing upon a motion for permissive intervention includes (1) the timeliness of the motion; (2) the presence of a common question of law or fact; and (3) whether the intervention will unduly delay or prejudice the original parties." *Id.* (citing *Backus v. S.C.*, No. 3:11-cv-03120-HFF-MBS-PMD, 2012 WL 406860, at *2 (D.S.C. Feb. 8, 2012)); *but see S.C. Coastal Conservation League*, 2018 WL 2184395, at *3 (adding a fourth prong that "there must be an independent ground of subject matter jurisdiction.") (citing *Shanghai Meihao Elec., Inc. v. Leviton Mfg. Co.*, 223 F.R.D. 386, 387 (D. Md. 2004)).

## II.     LEGAL ARGUMENT

A party seeking intervention as a matter of right must meet the following requirements: "(1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation." *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999) SEIU fails to meet this burden as it is unable to sufficiently demonstrate prongs three and four of the analysis.

**A. SEIU's ability to protect its interest will not be impaired by a denial of their Motion.**

The third requirement for intervention of right requires a showing that "disposition of the action may practically impair or impede the movant's ability to protect [its] interest." *Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 120 (4th Cir. 1981). This requirement is one of "practical impairment." *Feller*, 802 F.2d at 730; *see TPI Corp. v. Merch. Mart of S.C., Inc.*, 61 F.R.D. 684, 688 (D.S.C. 1974) ("Literally, Rule 24(a)(2) requires a practical impairment of the ability to *protect* an interest and not a practical impairment of the ability to *assert* an interest.").

In support of their argument under this prong, SEIU plainly states that if Waffle House is enjoined from pursuing charges against Waffle House, "SEIU and its members will be left without recourse for Waffle House's [alleged] unfair labor practices". ECF No. 23-1, p.14. SEIU overestimates its role on the Court's determination of Waffle House's Motion for Preliminary Injunction. Even if the SEIU did have an interest in the ongoing litigation between Waffle and the NLRB, they fail to offer any detail or substantive argument that illustrates how their interests will be impaired by a denial of their Motion. Such a shortcoming fails to meet their burden of proof. *See S.C. Coastal Conservation League*, WL 2184395, at *3. As detailed below, SEIU involvement in the Preliminary Injunction proceedings has no effect on their available recourse.

SEIU further argues that SEIU stands to suffer "impairment" under prong three of this analysis because of the ramifications their union would suffer if Waffle House's Preliminary Injunction is granted. But SEIU's argument misstates the scope of this prong's requirement. The question SEIU must answer here to succeed on their Motion is not whether the outcome of Waffle House's Preliminary Injunction will impair their interests. Rather, they must show that the disposition of their *Motion* will do so. *See Houston Gen. Ins. Co.,* 193 F.3d 838, 839. The answer

to that question is undoubtedly, "no". As will be discussed in more detail below, the disposition of SEIU's Motion will leave the litigation at issue to the NLRB – a powerful governmental agency who has successfully litigated these issues before – to defend and justify its administrative proceedings and structure. SEIU cannot show that they are a necessary party to that determination. Accordingly, SEIU's Motion must be denied as they fail to meet prong three of the requires elements of their request.

**B. SEIU cannot show that the NLRB will not adequately represent their interests.**

SEIU must also show that the NLRB will not adequately represent their interests. Although the Fourth Circuit has yet to address the question of whether a more exacting showing of inadequacy should be required where the proposed intervenor shares the same objective as a government party, every circuit to rule on this question has held in the affirmative. *Stuart v. Huff*, 706 F.3d 345 (4th Cir. 2013); *See, e.g., Arakaki v. Cayetano,* 324 F.3d 1078, 1086 (9th Cir.2003); *Daggett v. Comm'n on Governmental Ethics & Election Practices,* 172 F.3d 104, 111 (1st Cir.1999); *Wade v. Goldschmidt,* 673 F.2d 182, 186 n. 7 (7th Cir.1982).

The NLRB and SEIU unquestionably have the same objective here. This case's origin can be traced to the SEIU's decision to file a charge with the NLRB - a federal agency created by Congress to enforce the National Labor Relations Act ("NLRA") – alleging unfair labor practices on the part of the Plaintiff. By SEIU's own words they and the NLRB serve the same fundamental purpose – to protect and preserve the rights of workers. Further, the NLRB has taken SEIU's allegations, found merit in those allegations, and now seeks to compel Waffle House to a proceeding to determine liability. Waffle House's Motion for Preliminary Injunction seeks to halt that proceeding on the basis that it is unconstitutional. It appears self-evident then, that the NLRB's opposition to this injunctive request and defense of its administrative structure and procedures

4

perfectly aligns with the objectives of SEIU. In SEIU's own words, it "intends to defend the constitutionality of the NLRB proceedings, both as a matter of law and a matter of equity." ECF No. 23-1, p. 18. Accordingly, SEIU fails to demonstrate a difference of objective between itself and the NLRB.

SEIU further argues that the NLRB may not adequately represent their interests because of how differently the NLRB may litigate the matter. The relevant and settled rule is that disagreement over how to approach the conduct of the litigation is not enough to rebut the presumption of adequacy. *See, e.g., Perry v. Prop. 8 Official Proponents,* 587 F.3d 947, 954 (9th Cir.2009) ("Mere differences in litigation strategy are not enough to justify intervention as a matter of right.") (internal quotation marks omitted); *Saldano v. Roach,* 363 F.3d 545, 555 (5th Cir.2004) ("Simply because the [intervenor] would have made a different [litigation] decision does not mean that the Attorney General is inadequately representing the State's interest."); *Chiglo v. City of Preston,* 104 F.3d 185, 188 (8th Cir.1997) ( "[T]he proposed intervenor cannot rebut the presumption of representation by merely disagreeing with the litigation strategy ... of the party representing him."); *see also* 7C Charles Alan Wright et al., *Federal Practice and Procedure* § 1909 (3d ed.2007) ("A mere difference of opinion concerning the tactics with which the litigation should be handled does not make inadequate the representation of those whose interests are identical with that of an existing party.").

SEIU argues that the NLRB may be interested in quickly resolving challenges to its constitutionality, whereas SEIU is more interested in an expedited resolution of its Charge. *See* ECF No. 23-1, p. 16. These arguments amount to nothing more than strategic divergences, which are not sufficient bases for the relief SEIU seeks.  Accordingly, the Court should find that SEIU fails to meet prong four of the required elements for success on their Motion.

C.  **SEIU should be precluded from permissive intervention.**

Waffle House stands to be prejudiced should SEIU be granted permissive intervention in this matter. At this stage of the litigation, SEIU's insertion runs the risk of forcing the parties to litigate questions not at issue in this case. The effects of this would undo the progress made by Waffle House to narrow its allegations. The scope of discovery would significantly increase to include events occurring either within a different set of offices, under different managers, or within an expanded time frame. Fourth Circuit courts analyzing circumstances such as these have denied permissive intervention, recognizing the potential prejudice that may be inflicted upon the parties. *See MacGregor v. Farmers Ins. Exch.,* No. 2:10-CV-03088, 2012 WL 5380631, at *4 (D.S.C. Oct. 31, 2012) Accordingly, SEIU's alternative request for permissive intervention should similarly be denied.

Respectfully submitted this 3rd day of January 2025.

> **E. ALAN MILLER, P.C.**
>
> */s/ E. Alan Miller*
>
> E. Alan Miller (ID# 7488)
> 2573 Apple Valley Road, NE
> Atlanta, GA 30319
> (404) 909-8117
> Telephone: 404-909-8117
> Facsimile: 404-909-8120
> eamiller@martensonlaw.com
>
> [counsel continued on next page]

**MARTENSON HASBROUCK & SIMON LLP**

Matthew D. Crawford
Georgia Bar No. 190109
(pro hac vice motion forthcoming)
2573 Apple Valley Road NE
Atlanta, Georgia 30319
Telephone: 404-909-8101
Facsimile: 404-909-8120
mcrawford@martensonlaw.com

*Attorneys for Waffle House, Inc.*